## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN A. SIMNICK, | ) | 8:13CV221 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL L. KENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Kevin A. Simnick's ("Petitioner" or "Simnick") Petition for Writ of Habeas Corpus.  (Filing No. 1.)  For the reasons set forth below, the court finds that a grant of a writ of habeas corpus is not warranted on any of the issues set forth in Simnick's habeas corpus petition.

Liberally construed, Simnick argues he is entitled to a writ of habeas corpus based on the following claims:

Claim One:      Petitioner was denied due process of law in violation of the Fourteenth Amendment because the trial court lacked subject-matter jurisdiction to try the case.

Claim Two:      Petitioner was denied due process of law in violation of the Fourteenth Amendment because the prosecutor was allowed to file an information that was insufficient and defective.

Claim Three:    Petitioner was denied due process of law in violation of the Fourteenth Amendment because the prosecutor withheld exculpatory evidence.

Claim Four:     Petitioner was denied due process of law in violation of the Fourteenth Amendment because his plea "was not voluntarily, knowingly, understandingly and intelligently made."

Claim Five:     Petitioner was denied due process of law in violation of the Fourteenth Amendment because the prosecution

induced him into pleading guilty by misrepresenting a plea agreement that it later breached.

Claim Six:      Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because trial counsel failed to (a) object to the lack of the trial court's subject matter jurisdiction; (b) advise him of the true nature of the charge before he pled; (c) inform him of the penalties of the charge before he pled; (d) object to the invalid factual basis for the plea; (e) object to the breach of the plea agreement at sentencing; (f) contest the insufficient and defective information; and (g) conduct a reasonable investigation into the case.

Claim Seven:    Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because appellate counsel failed to "raise or properly argue meritorious claims on direct appeal."

(Filing No. 6 at CM/ECF pp. 1-2 (citation to habeas corpus petition omitted).)

## I. BACKGROUND

### A.    Conviction and Sentence

The State of Nebraska ("State") charged Simnick by information in the District Court of Lancaster County, Nebraska ("state district court"), with two counts of sexual assault of a child in the first degree. *State v. Simnick*, 771 N.W.2d 196, 201-02 (Neb. Ct. App. 2009) ("*Simnick I*"). As part of a plea agreement, the State amended the information to charge Simnick with one count of first degree sexual assault. In addition, the Scotts Bluff County Attorney agreed not to prosecute Simnick for a separate offense involving the same victim. *Id*. at 202. On June 16, 2008, Simnick pled no contest to first degree sexual assault, which was count II of the amended information. *Id*.

2

Simnick argues in this action that he is actually innocent of first degree sexual assault.  Accordingly, the court includes in this order the relevant recitation of facts offered by the State at Simnick's plea hearing:

> [T]he victim's initials [are] A.M. . . . [She is] a Hispanic female with a date of birth of October 24, 1996. Her mother is [L.M.]. Back on or about April 4, 2001, [L.M.] did marry the defendant - - Kevin Simnick, the defendant, in Lincoln, Lancaster County, state of Nebraska, and for the years thereafter, the defendant acted as essentially a stepfather to A.M. He at all times was a person 19 years of age or older with a date of birth of June 26th of 1971.
>
> In the summer of 2007, A.M. disclosed to law enforcement that she had been subjected to sexual penetration on two occasions by the defendant, Kevin Simnick. She stated one of these occurred at a hotel or motel room in Gering, Scotts Bluff County, Nebraska, and a second time at her home at 824 Manes, M-a-n-e-s, Court in Lincoln, Lancaster County, Nebraska. Mr. Simnick, [L.M.] and the victim moved into the house on or about or shortly thereafter March 23, 2005. And the second incident of sexual penetration is what's reflected in Count II.
>
> Briefly, A.M. disclosed that the defendant, Mr. Simnick, put his personal thing inside of her personal thing at the family residence on Manes Court. Through the use of diagrams, it was determined that A.M. was referring to her vagina as her personal thing and Mr. Simnick's penis as his personal thing.
>
> Mr. Simnick was contacted by law enforcement as the Court knows; we did have a motion to suppress.  During statements - - the statement given to law enforcement, Mr. Simnick did admit to placing his penis inside of A.M.'s vagina and I would reoffer Exhibit 3, which is a DVD of the defendant's interview, Exhibit 5, which is the typed statement of that interview, and Exhibit 8, which were some diagrams drawn by the defendant and handwritten letters, for completeness sake for the factual basis.

(Filing No. 8-7 at CM/ECF pp. 179-80.)

On August 11, 2008, the state district court sentenced Simnick to a period of not less than 20 nor more than 35 years' imprisonment.  (Filing No. 8-1 at CM/ECF p. 1.)  The state district court determined Simnick had committed an "aggravated offense" and was,

3

therefore, required to register under Nebraska's Sex Offender Registration Act ("SORA") for the remainder of his life.  In addition, the state district court determined Simnick would be subject to lifetime community supervision by the Office of Parole Administration upon his release from either incarceration or civil commitment pursuant to Neb. Rev. Stat. § 83-174.03(1).  *State v. Simnick*, 779 N.W.2d 335, 337 (Neb. 2010) ("*Simnick II*").

## B.    Direct Appeal

Simnick appealed his conviction and sentence to the Nebraska Court of Appeals. Simnick argued:

> (1) The district court erred in denying his counsel's motion to withdraw; (2) the district court erred in accepting the no contest plea, because it was not entered into freely, voluntarily, knowingly, and intelligently; (3) the district court erred in failing to inform him regarding the nature of the charge to which he entered a plea; (4) he received ineffective assistance of counsel; (5) the district court erred in determining that the offense was an aggravated offense for purposes of SORA; (6) the district court erred in determining that he was "subject to lifetime parole pursuant to Neb.Rev.Stat. § 83-174.03, as such statute violates the ex post facto clause"; and (7) the sentence imposed was excessive.

*Simnick I*, 771 N.W.2d at 202.

On July 21, 2009, the Nebraska Court of Appeals held all but one of Simnick's assignments of error were without merit.  The court determined "the finding that Simnick committed an aggravated offense for the purpose of lifetime community supervision should have been submitted to a jury, but that [the] error was harmless."  *Id.* at 213.

Simnick petitioned the Nebraska Supreme Court for further review of the issues. He argued the imposition of lifetime community supervision violated the Ex Post Facto Clauses of the Nebraska and federal Constitutions, and that his no contest plea was not

4

freely, knowingly, and voluntarily made. *Simnick II*, 779 N.W.2d at 338. On March 5, 2010, the Nebraska Supreme Court affirmed the portion of the Nebraska Court of Appeals' judgment that affirmed Simnick's conviction. However, it reversed the portion of the judgment that affirmed the sentence of lifetime community supervision by the Office of Parole Administration. The court determined the inclusion of the punishment in Simnick's sentence violated the Ex Post Facto Clauses of the Nebraska and federal Constitutions because § 83-174.03 was not in effect at the time of Simnick's offense. *Simnick II*, 779 N.W.2d at 342. Thereafter, in accordance with the Nebraska Supreme Court's judgment, the state district court struck the portion of the sentencing order subjecting Simnick to lifetime community supervision by the Office of Parole Administration. (Filing No. 8-2.)

**C.     Post-Conviction Motion and Appeal**

Simnick filed a motion for post-conviction relief in the state district court on June 20, 2011. (Filing No. 8-6 at CM/ECF pp. 1-92.) He generally alleged that his right to a speedy trial was violated, the amended information was defective and not properly served, and he was denied the effective assistance of trial and appellate counsel. The state district court denied the post-conviction motion in all respects and declined to hold an evidentiary hearing. The court wrote, in relevant part:

> The court has reviewed the files and records in this case and finds that all of the contentions of Simnick either are not true, do not constitute constitutional violations, or are mere conclusions. Because the records and files affirmatively show that he is not entitled to relief, an evidentiary hearing is not required. This appears to be a classic case of "buyer's remorse."

(Filing No. 8-8 at CM/ECF p. 14.)

5

The Nebraska Court of Appeals affirmed the state district court's judgment in a written opinion. *State v. Simnick*, No. A-11-990, 2013 WL 71793 (Neb. Ct. App. Jan. 8, 2013) ("*Simnick III*"). The court concluded all of Simnick's assignments of error were either procedurally barred or without merit. *Id.* at 2013 WL 71793 at *5. Thereafter, the Nebraska Supreme Court denied Simnick's petition for further review. (*See* Filing No. 8-11 at CM/ECF p. 3.)

**D.  Habeas Corpus Petition**

Simnick filed his habeas corpus petition in this court on July 23, 2013. (Filing No. 1.) In response to the petition, Respondent filed an answer, a brief in support of the answer, and the relevant state court records. (Filing Nos. 8, 9, 10, and 11.) Thereafter, Simnick filed a brief in response to the answer. (Filing No. 23.)

## II.  STANDARD OF REVIEW

**A.  Exhaustion Requirement**

As set forth in 28 U.S.C. § 2254:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B)  (i)  there is an absence of available State corrective process; or

        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

6

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and issues a "'plain statement' that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation marks omitted).

## B.    Standard Under 28 U.S.C. § 2254(d)

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to

8

clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts.  529 U.S. at 405-406.  Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable."  *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be."  *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).  The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents."  *Id.*  In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.*  However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court.  *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be

9

satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted).

The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497.  A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.*  The Supreme Court agrees, stating:

> There is no text in the statute requiring a statement of reasons.  The statute refers only to a "decision," which resulted from an "adjudication."  As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S. Ct. at 784.

## III.  DISCUSSION

**A.     Claim One**

10

Simnick alleges his due process rights were violated during the trial court proceedings because the state district court "lacked subject-matter jurisdiction to try his case."  Specifically, Simnick alleges the trial court lacked subject-matter jurisdiction because (1) the amended information was defective; (2) Simnick did not receive a preliminary hearing on the amended information; and (3) the State failed to "file" the amended information.  (Filing No. 1 at CM/ECF pp. 20-21.)

Leaving aside the questions of whether Claim One is procedurally defaulted or barred by Simnick's guilty plea,[1] Claim One fails on the merits for the reasons discussed in the paragraphs that follow.  *See Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." (citing *Lambrix v. Singletary*, 520 U.S. 518 (1997)).

### 1.     Defective Amended Information

The amended information alleged as follows:

> AND THAT KEVIN A. SIMNICK, on or about, or between January 1, 2003 and July 31, 2006, in the County of Lancaster, and the state, aforesaid, contrary to the form of the statutes in such cases made and provided then and there being, did, being a person nineteen years of age or older, subject A.M., whose date of birth is October 24, 1996, and thus a person less than sixteen years of age, to sexual penetration.

---

[1]As a general rule, "[a] defendant's knowing and intelligent guilty plea forecloses 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'"  *United States v. Vaughan*, 13 F.3d 1186, 1187 (8th Cir. 1994) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).  However, the Eighth Circuit has held claims that question the trial court's "jurisdiction" are not foreclosed by a defendant's guilty plea.  *Weisberg v. State of Minnesota*, 29 F.3d 1271, 1279 (8th Cir. 1994) (collecting cases).

(Filing No. 8-8 at CM/ECF p. 8.)

The state district court considered and rejected Simnick's argument that the amended information was defective. The court determined the amended information "[c]learly[] alleged a statutory offense" and, even if there was a defect in the amended information, "it was not so fundamental that it rendered the information wholly invalid." (Filing No. 8-8 at CM/ECF p. 8.)

The court's decision is consistent with clearly established federal law. The Due Process Clause of the Fourteenth Amendment requires a state to give a criminal defendant fair notice of the charge against him to permit adequate preparation of his defense. *See Hulstine v. Morris*, 819 F.2d 861, 864 (8th Cir. 1987) ("Due process requirements may be satisfied if a defendant receives *actual notice* of the charges against him, even if the indictment or information is deficient.") The language in the amended information gave Simnick actual notice of the charge against him. It plainly advised him that he was being charged with first degree sexual assault of a victim who was between the ages of six and nine-years old at the time of the assaults. The record shows Simnick was advised of and understood the charge and that the punishment upon conviction could be up to 50 years' imprisonment and lifetime registration under SORA. (*See* Filing No. 8-7 at CM/ECF pp. 171-72.) Simnick's argument that he did not have notice of the charge against him, or that the amended information was defective, has no merit.

## 2.    Preliminary Hearing

The state district court determined Simnick was not entitled to a hearing on the amended information. (*See* Filing No. 8-8 at CM/ECF p. 7.) This decision was not

12

contrary to, or involve an unreasonable application of, clearly established federal law because there "is no constitutional right to a preliminary hearing" under Federal law. *United States v. Neff*, 525 F.2d 361, 364 (1975); *see also Cowin v. Norman*, No. 4:08-CV-1779 CAS, 2012 WL 424999 (E.D.Mo. Feb. 9, 2012) (same). Thus, the issue of the state district court's jurisdiction over a count in an amended information was controlled by Nebraska law. Though not relevant in a federal habeas corpus action, the state district court's decision that Simnick was not entitled to an evidentiary hearing on the amended information was consistent with Nebraska law. *See State v. Sandoval*, 788 N.W.2d 172, 193 (Neb. 2010) ("Nebraska law requires that a criminal defendant receive a preliminary hearing before an information is filed against the defendant for any *offense. . . . This requirement does not extend to amended informations that do not change the nature or identity of the offense charged and do not include additional elements*.") (emphasis added).

### 3.    Failure to "File" Amended Information

Simnick alleges the State failed to "file" the amended information. This argument has no merit. The state district court determined (Filing No. 8-8 at CM/ECF p. 7), and this court agrees, the record plainly shows counsel for the State was allowed to amend the information by interlineation. (*See* Filing No. 8-7 at CM/ECF p. 170.)

For the foregoing reasons, Simnick is not entitled to relief on any of the arguments raised in Claim One.

### B.    Claims Two, Three, and Four

Simnick argues in Claim Four that his plea was not knowing and voluntary.  (Filing No. 1 at CM/ECF pp. 26-28.)  In Claims Two and Three, he argues he was denied due process of law prior to the entry of his plea because the amended information was defective and the State withheld exculpatory evidence.  (Filing No. 1 at CM/ECF pp. 23-25.)  For the reasons that follow, the court finds that Claim Four is meritless, and Claims Two and Three are barred from this court's consideration.

A guilty plea must be a "knowing, intelligent act[]," that is "the voluntary expression of [the defendant's] own choice."  *Brady v. United States*, 397 U.S. 742, 748 (1970).  A plea is knowing and voluntary when a defendant is informed of and waives his privilege against self-incrimination, his right to trial by jury, and his right to confront witnesses.  *Id.* In addition, the Supreme Court has held that a plea is "knowing" if a defendant receives "real notice of the true nature of the charge against him."  *Bousley v. United States*, 523 U.S. 614, 618 (1998).  Further, a plea is not voluntary if it was "induced by promises or threats which deprive it of the character of a voluntary act."  *Machibroda v. United States*, 368 U.S. 487, 493 (1962).

Once a criminal defendant enters a guilty plea to a criminal offense, he is not thereafter free to raise independent claims relating to the deprivation of constitutional rights that occurred prior to entry of the plea.  *Tollett*, 411 U.S. at 267; *see also  Weisberg*, 29 F.3d at 1279; *Vaughan*, 13 F.3d at 1187.

The Nebraska Court of Appeals considered and rejected Simnick's arguments that his plea was not entered knowingly and voluntarily.  *Simnick I*, 771 N.W.2d at 205. Thereafter, the Nebraska Supreme Court upheld the portion of the Nebraska Court of

14

Appeals's judgment that affirmed Simnick's conviction. *Simnick II*, 779 N.W.2d at 342. The Nebraska state courts' findings of fact and conclusions of law are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. Moreover, this court has carefully reviewed the record of the plea proceedings held in the state district court, and agrees the record reflects Simnick's plea was entered knowingly and voluntarily. Simnick was informed of and waived his privilege against self-incrimination, his right to trial by jury, and his right to confront witnesses. (Filing No. 8-7 at CM/ECF pp. 175-176.) In addition, Simnick was informed of the charges against him, the possible penalties, and that he would be subject "to the [SORA,] which would require a lifetime registration." (Filing No. 8-7 at CM/ECF p. 171.) Simnick's arguments to the contrary are without merit.

Because Simnick entered a voluntary and intelligent plea, his due process claims relating to matters that occurred prior to his plea—Claims Two and Three—are barred from consideration by this court. *See Tollett*, 411 U.S. at 267; *Weisberg*, 29 F.3d at 1279; *Vaughan*, 13 F.3d at 1187. Accordingly, Simnick is not entitled to relief on Claims Two, Three, or Four.

## C.   Claim Five

Simnick argues the State induced him into pleading guilty by misrepresenting the plea agreement. (Filing No. 1 at CM/ECF pp. 29-30.) Specifically, Simnick argues counsel for the State did not inform him he would ask the court to find Simnick had committed an aggravated offense, which would require lifetime registration under the SORA. (Filing No. 1 at CM/ECF pp. 29-30.) Respondent argues this claim is procedurally defaulted because

15

Simnick did not raise it on direct appeal.  (Filing No. 10 at CM/ECF p. 7.)  The court agrees.     Claim Five was known to Simnick at the time he filed his direct appeal.  Thus, Simnick was required to raise Claim Five on direct appeal in order to fairly present it to the Nebraska state courts.  *See State v. Hessler*, 850 N.W.2d 777, 785 (Neb. 2014).  He failed to do so.  Therefore, the claim is procedurally defaulted.

In addition, the claim has no substantive merit.  The record reflects counsel for the State advised Simnick at the plea proceedings that he would be subject "to the [SORA,] which would require a lifetime registration."  (Filing No. 8-7 at CM/ECF p. 171.)  Indeed, Simnick acknowledges in his habeas corpus petition that his understanding of the plea agreement was that the State would require "lifetime Registration."  (*See* Filing No. 1 at CM/ECF p. 29.)  Simnick advised that he understood the charge and the possible penalties prior to entering his plea.  (Filing No. 8-7 at CM/ECF p. 172.)

To the extent Simnick argues the State failed to advise him that he would be subject to lifetime community supervision pursuant to Neb. Rev. Stat. § 83-174.03, the issue is moot.  As discussed in the background section of this order, the Nebraska Supreme Court determined Simnick was not subject to lifetime community supervision upon his release from prison or civil commitment because § 83-174.03 was not in effect at the time of his offense.  *Simnick II*, 779 N.W.2d at 342.  Simnick is not entitled to habeas corpus relief on this claim.

**D.     Claim Six**

Simnick argues he was denied the effective assistance of counsel because trial counsel failed to:

16

(a) object to the lack of the trial court's subject matter jurisdiction; (b) advise him of the true nature of the charge before he pled; (c) inform him of the penalties of the charge before he pled; (d) object to the invalid factual basis for the plea; (e) object to the breach of the plea agreement at sentencing; (f) contest the insufficient and defective information; and (g) conduct a reasonable investigation into the case.

(Filing No. 6 at CM/ECF p. 2 (citing Filing No. 1 at CM/ECF pp. 30-37).)

The court will discuss the merits of these arguments under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984).

## 1.    *Strickland* Standard

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense.  *Id.* at 687.  The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance.  *Id.* at 687-88.  In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. *Strickland*, 466 U.S. at 690.

17

The Supreme Court has emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009). In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard as incorrect but whether that determination was unreasonable–a substantially higher threshold. . . . And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Id.* at 123 (internal quotation marks and citations omitted).

**2.   Discussion**

Simnick, who had new counsel appointed on direct appeal, was required to raise all claims of ineffective assistance of trial counsel on direct appeal or face a procedural bar. *See State v. York*, 731 N.W.2d 597, 602 (Neb. 2007) ("We have said that in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review.")

Simnick did not raise the following arguments on direct appeal: trial counsel failed to object to the defective information, the invalid factual basis for the plea, and the trial

court's lack of subject-matter jurisdiction.  Accordingly, these arguments are procedurally defaulted because they were not fairly presented to the Nebraska state courts.

Even if these arguments had been properly raised in state court, they lack substantive merit.  The state district court rejected Simnick's arguments that the amended information was "defective," that there was an "invalid factual basis" for the plea, and that other pre-plea defects threatened the court's subject-matter jurisdiction.  (*See* Filing No. 8-8 at CM/ECF pp. 8-11.)  Simnick suffered no prejudice as a result of trial counsel's failure to raise these meritless arguments.

Similarly, Simnick's remaining arguments concerning trial counsel's performance are meritless.  Simnick raises a litany of arguments concerning his trial counsel's failure to properly advise him prior to the entry of his guilty plea, and failure to object to alleged defects during the plea colloquy.  (*See* Filing No. 1 at CM/ECF pp. 31-33.)  The state district court considered and rejected similar arguments in its order denying post-conviction relief.  It wrote:

> At the conclusion of the plea proceeding, the court found that there was a sufficient factual basis for the plea of no contest to Count II of the information, that Simnick's plea was entered freely, voluntarily, knowingly and intelligently and accepted the plea of no contest and found him guilty. Simnick's allegations that he was denied effective assistance of trial and appellate counsel are merely conclusory statements and *in no way form the basis for a conclusion that he would not have ple[]d to the information as amended and would have insisted on going to trial*. It is clear that Simnick's plea was entered freely and voluntarily and reflected his decision and not that of his attorney.

(Filing No. 8-8 at CM/ECF p. 13 (emphasis added).)

This court agrees with the state district court's determination that these arguments lack merit. As they were in the state district court, Simnick's arguments are conclusory and unsupported by the record. Simnick made a knowing and voluntary decision to plead to the charge against him. In addition, as a result of the plea agreement secured by Simnick's trial counsel, the State dismissed a Class IB felony. *Simnick I*, 771 N.W.2d at 202. In addition, the State secured the written agreement of the Scotts Bluff County Attorney not to prosecute a potential offense involving the same victim. *Id.* Simnick has simply not demonstrated how he was prejudiced by his trial counsel's alleged deficient performance. Accordingly, Simnick is not entitled to relief on this claim.

**E.    Claim Seven**

Simnick argues he was denied the effective assistance of counsel because appellate counsel failed raise assertions regarding the alleged ineffective assistance of trial counsel. Having determined that all of Simnick's arguments concerning trial counsel's performance are without merit, Simnick could not have been prejudiced by appellate counsel's failure to raise the arguments. Accordingly, Simnick is not entitled to relief on this claim.

**F.    Actual-Innocence Claim**

Liberally construed, Simnick raises a free-standing actual-innocence claim. (*See* Filing No. 1 at CM/ECF p. 35.) The Supreme Court has not decided whether a demonstration of actual innocence after trial would render unconstitutional a conviction and sentence that is otherwise free of constitutional error. *See Dansby v. Hobbs*, 766 F.3d 809, 816 (8th Cir. 2014). The Court has established the threshold for such a claim, if it

were recognized, would be "'extraordinarily high.'"  *Id.* (quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993)).  Indeed, if it exists the threshold would require:

> more convincing proof than the gateway standard that allows for consideration of otherwise defaulted constitutional claims upon a showing of actual innocence. Thus, on a freestanding claim of actual innocence, it is not sufficient that a petitioner shows even that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.  The extraordinarily high threshold, if recognized, would be even higher.

*Id.* (internal quotation marks and citation omitted).

In support of his actual-innocence claim, Simnick argues that inconsistencies in the victim's statement and in her mother's statement show the victim in this case is not credible.  (Filing No. 1 at CM/ECF p. 24.)  In addition, Simnick argues the copy of "any doctor's or nurses examination," or "rape kit," would show that Simnick "never penetrated [the victim] even slightly."  (Filing No. 1 at CM/ECF p. 5.)  Simnick argues these documents support a finding that no "assault ever took place."

This "evidence," if it exists, does not meet the extraordinarily high threshold that might support relief based on a showing of actual innocence.  The fact remains that Simnick admitted to police that he penetrated his stepdaughter.  (*See* Filing No. 8-7 at CM/ECF pp. 179-80, statement of facts at plea proceedings; *see also* Filing No. 8-7 at CM/ECF p. 223, transcript of interview with police.)  Thereafter, he was charged with first-degree sexual assault, and he pled no contest to the charge.  Nothing offered in Simnick's habeas corpus petition supports a finding that Simnick is actually innocent of first-degree sexual assault.

## IV.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability.   28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).   A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Simnick has failed to make a substantial showing of the denial of a constitutional right.  The court is not persuaded that the issues raised in Simnick are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.   Accordingly, the court will not issue a certificate of appealability in this case.

IT IS ORDERED:

1.      This matter is dismissed with prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order.

2.      The court will not issue a certificate of appealability in this matter.

DATED this 29th day of October, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

22